FILED
2008 Jun-23 PM 03:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KENDELL MEANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:06-cv-00275-SLB-RRA |
| | ) |
| SHERIFF MIKE HALE, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

The magistrate judge filed a report and recommendation on April 18, 2008, recommending that the defendants' motion for summary judgment be granted and this cause be dismissed with prejudice.  Plaintiff filed objections on May 12, 2008.  (Doc. 26.)

In addition to reiterating his claims against the defendants, the plaintiff argues that (1) an attorney should have been appointed to him to litigate this case; (2) the defendants' affidavits "are all lies," (3) Defendant Hale is not entitled to Eleventh Amendment immunity for claims against him in his official capacity; and (4) Defendant Langford was aware of the water outages at the jail and failed to correct the problem.  (*Id.*)  The plaintiff claims that no officer flushed the toilets on the dates in question; he was not provided bottled water on these dates by Ms. Williams who is in charge of the kitchen; and Inmate James Lewis, who was housed in the same block with the plaintiff, suffered from "bleeding sores" and "left blood splatter on the tiles in the shower, that was not cleaned properly." *Id.*

The plaintiff's argument that he should have been appointed an attorney in this action is without merit.  "Appointment of counsel in a civil case is not a constitutional right.  It is a privilege

that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). The issues is this case were not complex and the plaintiff showed an ability to litigate this action *pro se*. *See Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

      The plaintiff's contention that Defendant Hale is not entitled to Eleventh Amendment immunity for claims against him in his official capacity for monetary damages is also without merit as Hale's immunity is based on well-settled law. Moreover, the plaintiff does not allege any facts to indicate that he suffered a constitutional deprivation due to a policy statement, ordinance, regulation or decision adopted by Defendant Langford in his capacity as President of the Jefferson County Commission. However, for the first time in this action, the plaintiff claims that the water outages were due to Defendant Langford's failure as President of the County Commission to appropriate adequate funds to the Jail. The plaintiff's allegation is untimely and conclusory as he alleges no facts in support of the same.

      Even taking the plaintiff's allegations as true that: (1) the guards did not flush the toilets; (2) the plaintiff was not provided drinking water during these outages; and (3) an inmate who suffered from bleeding sores was housed in the same block and left blood splatter in the showers, he still has not shown that the defendants' actions constituted deliberate indifference, as opposed to mere negligence, or that he was injured in any way due to the conditions. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). While the plaintiff alleges he suffered from "mental anguish, depression, and sleep deprivation," he has not shown that these conditions were a result of the water outages or the defendants' response to the same.

      Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the court is of the opinion

that the magistrate judge's report is due to be and is hereby **ADOPTED** and his recommendation is **ACCEPTED**.  The court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law.  Accordingly, defendants' motion for summary judgment is due to be **GRANTED** and this action is due to be **DISMISSED WITH PREJUDICE**.  A Final Judgment will be entered.

    **DONE** this the 23rd day of June, 2008.

 

*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE